

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2003

# USA v. Torres

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3616

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Torres" (2003). *2003 Decisions.* Paper 361.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/361

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3616
_____

UNITED STATES OF AMERICA

v.

MICHAEL TORRES,
a/k/a Mario Q. Quinnones,
Michael Torres,
Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

District Judge:  The Honorable Gregory M. Sleet
(D.C. Criminal No. 01-CR-076-001)
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2003

BEFORE: NYGAARD and SMITH, <u>Circuit</u> <u>Judges</u> and IRENAS,* <u>Senior</u> <u>District</u> <u>Judge</u>.

(Opinion Filed: July 17, 2003)

_____

OPINION OF THE COURT
_____

_____
        *Honorable Joseph E. Irenas, Senior United States
District Judge for the District of New Jersey, sitting by
designation.

IRENAS, <u>Senior District Judge</u>:

## I.

Appellant, Michael Torres, pled guilty to a Four Count Information charging him with crimes relating to a conspiracy to import and possess one thousand (1,000) kilograms of marijuana with intent to distribute.  On August 22, 2002, he was sentenced to 60 months on each of Counts I, II, and III and 36 months on Count IV, all terms to be served concurrently.

The Court granted the motion for downward departure under U.S.S.G. § 5K1.1 (substantial cooperation),  but denied downward departure under U.S.S.G. § 5K2.11 (lesser harms), § 5H1.6 (community ties) and § 5H1.11(civic contributions).  Appellant argues that he also made a separate motion under § 5K2.0 (combination of factors).  He reasons that while the trial judge clearly ruled individually on the § 5K2.11, § 5H1.6, and § 5H1.11[1] motions, he did not specifically rule on his motion for downward departure  based on a combination of factors, and that this failure requires a remand for resentencing.  <u>See</u>, U.S.S.G. § 5K2.0[2]; <u>Koon v. United States</u>, 518 U.S. 81, 116 S. Ct. (1996); <u>U.S. v. Powell</u>,

---

[1]Although defendant's sentencing memorandum of August 16, 2002 (Appellant's Appendix A-40 et seq.) and his appellate briefs to this court refer only to § 5H1.6, it is clear that this motion was made under both § 5H1.6 and § 5H1.11.  The trial judge clearly referenced both sections when considering and denying this motion. (Appellant's Appendix A-77)

[2]U.S.S.G. § 5K2.0 provides that a factor "'not ordinarily relevant'" to a sentencing decision may be considered "if such characteristic or circumstance is present to an unusual degree and distinguishes the case from the 'heartland' of cases covered by the guidelines."  The Commentary to this rule

269 F.3d 175, 179 (3d Cir. 2001).

If the District Court is aware of its right to depart under the applicable guideline section, but exercised its discretion not to depart, this court lacks jurisdiction to review the trial court's decision. United States v. Denardi, 892 F.2d 269 (3d Cir. 1989). However, if defendant timely moved for a particular departure, the trial court denied such motion, and it "is impossible to discern from the record" why it denied the motion, the sentencing should be vacated and the matter remanded to permit the district court to set forth the basis for its denial. United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994).

Appellant also argues that the rule of United States v. Denardi, which forbids appellate review on the trial court's discretionary decision denying a legally permissible downward departure[3], is both an unconstitutional violation of due process as well as a violation of 18 U.S.C. § 3553. However, Appellant concedes that under Third Circuit Internal Operating Procedure 9.1, this panel has no authority to overrule Dinardi.

The basic premise of this appeal is that defendant moved separately for a departure based on the theory that even if his motions under § 5K2.12 and under a combination of

---

suggests that in an "extraordinary case" a "combination of such characteristics or circumstances" may satisfy the outside the heartland requirement "even if none of the characteristics or circumstances individually distinguishes the case." However, the Commentary suggests that such cases "will be extremely rare."

[3]This Court has jurisdiction to determine if a trial judge's decision that a particular departure is impermissible was legally correct. Denardi at p. 271-272. However, in this matter the trial court specifically found that it had the right to depart under U.S.S.G. §§ 5K2.11 and 5H1.6.

§ 5H1.6 and § 5H1.11 were denied, he had made another motion, based on a combination of circumstances, which was never specifically ruled upon by the trial court. From this premise defendant argues that he is entitled to a remand so that the judge can rule upon such motion. Because we hold that no such separate motion was made either in defendant's sentencing memorandum or orally on the day of sentencing, this issue cannot be considered or decided on appeal. See e.g., Srein v. Frankford Trust Company, 323 F.3d 214, 224 (3d Cir. 2003).

## II.

At the sentencing hearing the trial court totally rejected defendant's argument that he was entitled to a lesser harms departure under § 5K2.11[4] on the basis that he engaged in the drug transaction to earn the money necessary to keep his restaurant business from failing. The trial judge strongly refused to accept the notion that a serious criminal act was a "lesser harm" than the consequences of a defendant's financial shortfall:

> Moreover, although Mr. Torres may have thought selling marijuana was a lesser harm, the Court does not hold a similar view. According to the defendant, the greater harm would have been the loss of his restaurant business. That is, Mr. Torres has centered his attention solely on the selfish need to protect his economic interest through participation in a criminal venture. Rather than pursue alternative legitimate means to save the business or simply accept, as many businessmen and women do everyday, the failure of the business, the defendant chose to ignore society's greater

---

[4]U.S.S.G. § 5K2.11 permits a downward departure where either (1) the defendant commits a crime "in order to avoid a perceived greater harm. . ." or (2) the defendant's conduct does "not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." In this case defendant was relying on the first prong of the guideline.

-4-

interest in preventing the distribution of illegal drugs by participating in the importation and subsequent distribution of over a ton of marijuana. Thus, the Court finds that 5K2.11 is inapplicable in this case and refuses to depart on that ground. (Appellant's Appendix at A-76 to 77)

Similarly, the trial judge rejected defendant's claims that his family and civic associations and activities justified a downward departure under § § 5H1.6 and 5H1.11. He observed that defendant's drug dealing put his family and community in jeopardy. The court went on to note that: "The very nature of the crime, therefore, weighs against finding that family, community, or civic associations warrant a downward departure. This court therefore declines to depart on this basis." (Appellant's Appendix at A-78).

### III.

Defendant submitted a lengthy sentencing memorandum to the trial court. (Appellant's Appendix A-40 et seq.). Part I set forth a detailed history of defendant's life with emphasis on his family and civic activities. Next, in Part II, defendant argued for a minor role adjustment under U.S.S.G. § 3B1.2. Part III, which contains the arguments for downward departures, is divided into two parts: subpart A., which urges a departure under § 5K1.1 for substantial assistance, and subpart B., which is captioned "Other Grounds for Departure." This last subpart is divided into two sections, one captioned "Lesser Harms," which deals with § 5K2.11, and the other captioned "Family Ties and Responsibilities, and Community Ties," which covers the motion under § 5H1.6 and § 5H1.11.[5]

---

[5]The sentencing memorandum refers only to § 5H1.6, but the trial judge recognized that the arguments encompassed therein related also to § 5H1.11.

The very last paragraph of the section on family responsibilities and community ties, which is not separately highlighted or captioned, reads:

> Even if neither of these basis [sic] alone are enough to persuade the Court to grant a downward departure to this degree, the defense argues that the combination of the above discussed factors clearly takes Mr. Torres' case out of the heartland. See United States v. Bowser, 941 F.2d 1019, 1025 (10th Cir. 1991). . . [which] made factors that were "unsuitable as an isolated rationale for a downward departure" into factors that could support a valid downward departure. (Appellant's Appendix A-56).

The previous paragraph of the sentencing memorandum refers to "Mr. Torres strong family and community ties."

In Bowser the Tenth Circuit considered a government appeal of a trial court decision to downwardly depart on defendant's criminal history category on the ground that the guideline calculation overstated the seriousness of that history. U.S.S.G. § 4A1.3. The trial judge concluded that three factors mandated this result:

> . . .[D]efendant's two previous convictions (a) were committed when he was merely twenty years old, (b) were committed within two months of each other, and (c) were punished by concurrent sentences in the Kansas courts." Bowser at p. 1024.

In upholding the trial judge the appeals court noted that while any one of those factors might not, standing alone, be sufficient to justify a downward departure, taken together and considered in combination they made the departure appropriate. This was not a case in which there were two different theories of departure, each of which was inadequate, but which in combination justified a departure.

Defendant's sentencing memorandum did not cite § 5K2.0 or the application note thereto which states that in an "extraordinary case" a "combination of . . .characteristics or

circumstances" might justify a departure. Nothing in that memorandum suggests that defendant was arguing that the "lesser harms" theory and the family and community ties theory, when considered jointly were sufficient to justify a downward departure even if separately they were not. Nor at sentencing did counsel make this argument or suggest that there was some outstanding motion not ruled upon by the trial judge. It is clear, however, that the trial judge did consider family ties and community ties jointly in deciding the departure motion in a manner consistent with Bowser.

## IV.

Appellant's argument that at sentencing he made a separate motion for a downward departure based on a combination of the "lesser harms" theory and the family and community ties theory is not supported by the record. A review of both defendant's lengthy sentencing memorandum and the transcript of the sentencing hearing show two separate downward departure motions each properly ruled upon by the trial judge. The theory relied upon in this appeal was raised for the first time before this court and, therefore, will not be considered. Srein at p. 224. For the foregoing reasons, the judgement of the District Court will be affirmed.